IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00407-CMA-KLM

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-18,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference** [Docket No. 6; Filed February 16, 2012] (the "Motion"). The lawsuit is one of many filed by counsel for Plaintiff, on behalf of this and other plaintiffs asserting copyright infringement arising from defendants' alleged use of BitTorrent technology, which allows "peer-to-peer file sharing," and which allegedly facilitated defendants' alleged copying and distribution of a motion picture copyrighted by Plaintiff, without Plaintiff's permission. *See* [#9]; *Compl.* [#1]. Plaintiff attests that "[e]ach Defendant is known to Plaintiff only by an IP address." [#1] at 2.

    In the Motion at issue, Plaintiff seeks leave to serve subpoenas on the Doe Defendants' Internet Service Providers ("ISPs") before the Rule 26(f) conference, "so that Plaintiff may learn Defendants' true identities." [#6] at 1. Pursuant to Fed. R. Civ. P. 26(d), discovery before the Rule 26(f) conference is allowed if authorized by court order. "In this district, courts have permitted such expedited discovery upon a showing of good cause." *Liberty Media Holdings, LLC v. Colo. Members of Swarm*, No. 11-cv-01170-WJM-KMT, 2011 WL 1812554, at *1 (D. Colo. May 12, 2011) (citations omitted). Good cause to permit discovery before the Rule 26(f) conference "frequently exists in cases involving claims of infringement and unfair competition." *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citation omitted); *see also Arista Records LLC v. Does 1-9*, No. 07-cv-00628-EWN-MEH (D. Colo. Apr. 4, 2007) (permitting issuance of subpoenas on third party ISPs for purpose of ascertaining identity of Doe defendants).

This case is similar to *Arista Records LLC*, and to *Liberty Media Holdings, LLC*. Like the defendants in *Arista Records LLC* and *Liberty Media Holdings, LLC*, "Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities." *Liberty Media Holdings, LLC*, 2011 WL 1812554, at *2. The Court thus finds that good cause exists to permit Plaintiff to serve subpoenas on the third party ISPs with the purpose of discovering the Doe Defendants' identities. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART**. Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs with the limited purpose of ascertaining the Doe Defendants' identities, as set forth herein.

IT IS FURTHER **ORDERED** that the subpoenas are limited to providing Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address. The subpoenas are limited to the information related to the IP addresses set forth in the exhibit located at [#6-3]. Plaintiff shall serve a copy of this Minute Order with the issued subpoenas.

IT IS FURTHER **ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint [#1].

IT IS FURTHER **ORDERED** that nothing set forth herein abrogates the protections afforded to Defendants under Fed. R. Civ. P. 45(c).

IT IS FURTHER **ORDERED** that the Motion is **DENIED** as to the additional relief stated in the proposed order located at [#6-4].

Dated: February 17, 2012